UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EDWARD F. SIMPSON, et al.,

       Plaintiffs,

v.                                                                      Hon. Janet T. Neff

VSP NORTH AMERICA, LLC, et al.,                 Case No. 1:16-cv-00912

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plain;tiff's Motion for Default Judgment (ECF

No. 152), which was referred to the undersigned by the Honorable Janet T. Neff for report

and recommendation under 28 U.S.C. §636(b)(1)(B). A hearing on the motion was held

January 22, 2019.

After withdrawal of counsel for defendants was allowed by the court (ECF No. 144)

and no appearance of substitute counsel was made, The court entered an order (ECF

No. 150) whereby:

> 1.      the Clerk of Court was directed to enter default against Defendant
>         VSP North America, LLC and Defendant VS Products, Inc. for failure
>         to appear and defend as required by law;
>
> 2.      the deadline for defendants' response to outstanding discovery was
>         extended to December 10, 2018; and
>
> 3.      the parties were placed on notice that due to defendants' continuing
>         failure to comply with Court deadlines and orders, plaintiffs could
>         seek an entry of default as to any defendant(s) who failed to timely
>         comply.

Default was entered against the two corporate Defendants, VS Products, Inc, VSP

North America on December 4, 2018 (ECF No. 151).  On December 10, 2018, advising

the court that no discovery from defendants had been forthcoming, plaintiffs filed a motion for default against Defendants John Von Stach and Graziella Stach, and for default judgment against all defendants (ECF No. 152). The motion is supported by affidavit (ECF No. 158).

On December 28, 2018, the court entered an order setting an evidentiary hearing regarding the motion for default judgment for January 22, 2019, at 11:00 AM (ECF No. 154). Plaintiff, through counsel, appeared for the January 22, 2019 hearing on the motion for default judgment. The defaulting parties did not appear for the hearing or contact the court in any way.

## THE PARTIES

As detailed in Plaintiffs' First Amended Complaint, Plaintiffs, Edward F. Simpson, et al., Plaintiffs entered into an agreement with the Defendants to loan money to the Defendants collateralized by receivables owed to the Defendants. Those loans were never repaid. Plaintiffs in their motion for default judgment request the entry of a default against Defendants John Von Stach and Graziella Stach as to all claims and allegations in the First Amended Complaint. As noted above, default was previously entered against Defendants, VS Products, Inc, VSP North America. Plaintiffs also seek default judgment against all defendants in the amounts listed below. No defendant in this matter is a minor or an incompetent person.

## STANDARD

The rule governing default judgment is Fed. R. Civ. P. 55(b), which reads as follows:

(b) Entering a Default Judgment.

2

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Because the default judgment sought is not for a sum certain or a sum that can be made certain by computation, the matter is governed by Fed. R. Civ. P. 55(b)(2).

## **DISCUSSION**

Plaintiffs' motion appears appropriate and thorough. Because defendants had previously appeared in this matter, plaintiffs served the motion on defendants (ECF No. 152, PageID.700) as required by Fed. R. Civ. P. 55(b)(2): "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." The corrected affidavit of Edward F. Simpson filed with the court and

discussed at the January 22, 2019, hearing (ECF No. 158) sufficiently outlines the basis for the damages sought.

## CONCLUSION

It is the recommendation of the undersigned that Plaintiff's Motion for Default Judgment (ECF No. 152) be granted; and that: (1) default be entered against Defendants John Von Stach and Graziella Stach; and that (2) default judgment enter against ALL DEFENDANTS, joint and several, as follows:

| | |
|---|---|
| Damages on 8/15/15 | $256,845.00 |
| Prejudgment interest at 18% per annum under contract | |
| 8/15/2016 | 46, 232.10 |
| 8/15/2017 | 54,553.87 |
| 8/15/2018 | 64,373.57 |
| 1/22/2019 | 33,232.85 |
| Attorney Fee Sanction (ECF No. 159) | 7,073.75 |
| Statutory Costs | 660.06 |
| TOTAL JUDGMENT: | $462,971.20 |

A proposed judgment was filed by plaintiffs on January 23, 2019 (ECF No. 162).

Respectfully submitted,

Dated: January 25, 2019

/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

4

5

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of

Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure

to file objections within the specified time waives the right to appeal the District Court's

order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947,

949-50 (6th Cir. 1981).